E-FILED
Wednesday, 11 December, 2013 04:38:43 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:99-cr-40087-SLD-JAG |
| | ) | |
| DARRIN MARANDA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Darrin Maranda's Motion to Dismiss the Government's Petition for Warrant or Summons for Offender Under Supervision, ECF No. 121. Maranda does not dispute the factual basis of the Government's Petition, and in fact stipulates that he made the unauthorized telephone calls that allegedly violated the conditions of his supervised release. Mot. Dismiss ¶ 3, ECF No. 121. He argues, however, that as a matter of law, no violations could have occurred because he was no longer serving a term of supervised release. *Id* at ¶ 4–6. For the reasons set forth below, the Court disagrees, and the Motion to Dismiss is denied.

## BACKGROUND

Maranda's expected release date from his prison sentence was March 16, 2008, after which he was to serve a two-year term of supervised release. On March 10, 2008, the Government filed a petition for civil commitment pursuant to the Adam Walsh Child Protection and Safety Act of 2006. 18 U.S.C. § 4248(a). Maranda's release from custody was therefore stayed until the civil commitment proceedings concluded. *See id.*

1

The civil commitment hearing was not held until August 9, 2012. Transcript of 4248 Bench Trial, *United States v. Maranda*, No. 5:08-HC-2033-H (E.D.N.C. Sept. 6, 2012), ECF No. 63. On September 6, 2012, judgment was entered in the civil commitment proceeding against the United States and in favor of Maranda, and the stay of release imposed by 18 U.S.C. § 4248(a) was thereby lifted. After his release from the custody of the Bureau of Prisons, Maranda participated in unauthorized phone calls between December 24, 2012, and February 13, 2013.

## DISCUSSION

The question before the Court is whether Maranda was still serving his term of supervised release between December 24, 2012, and February 13, 2013. To answer that question, the Court must determine when the term began. Maranda argues that the term of supervised release began when his prison sentence expired on March 16, 2008. The government argues that the term began when Maranda was released from confinement. Neither the Supreme Court nor the Seventh Circuit have addressed the precise issue presented here—the effect on a term of supervised release of detention pending a civil commitment hearing—and the circuit and district courts that have ruled on it have reached different conclusions. Therefore, the Court conducts its own analysis of the applicable statutes. Section 3624 of Title 18 of the United States Code governs the release of federal prisoners; it provides in relevant part (emphasis added):

> (a) A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b). . . .
> (e) A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. **The term of supervised release commences on the day the person is released from imprisonment** and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is

2

subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

Section 4248 of Title 18 of the United States Code, which governs the civil commitment of sexually dangerous persons, provides (emphasis added):

In relation to a person who is in the custody of the Bureau of Prisons, . . . the Attorney General or any individual authorized by the Attorney General or the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit the certificate to the clerk of the court for the district in which the person is confined. . . . The court shall order a hearing to determine when the person is a sexually dangerous person. **A certificate filed under this section shall stay the release of the person pending completion of procedures contained in this section.**

The Court finds that these statutes, read together, indicate that supervised release does not begin when an individual is in the custody of the Bureau of Prisons awaiting the resolution of commitment proceedings under § 4248 because his release from imprisonment has been automatically stayed. *See United States v. Comstock*, 560 U.S. 126, 130 (2010) ("[T]he statute automatically stays the individual's release from prison."). Because the release is stayed, the commencement of the prisoner's term of supervised release is not triggered. Since the commencement of the term of supervised release is stayed, the tolling provision under § 3624(e)—"[a] term of supervised release does not run . . . "—is irrelevant.

This plain-language reading of the statutes is in accord with *United States v. Johnson*, 529 U.S. 53, 57 (2000), in which the United States Supreme Court decided that "[s]upervised release does not run while an individual remains in the custody of the Bureau of Prisons." In *Johnson*, the Court held that excess time served in prison on a vacated conviction could not reduce the length of a supervised release term. *Id.* at 60. Since *Johnson* dealt only with confinement stemming from a

3

criminal conviction, and did not involve a period of civil detention, it is not determinative of the outcome here.[1] The Court's analysis of § 3624(e) is nevertheless instructive. Looking at the language "released from imprisonment" in § 3624(e), the Court found that "the ordinary, commonsense meaning of release is to be freed from confinement." *Id.* at 57. According to the Court, "the statute's direction is clear and precise. Release takes place on the day the prisoner is in fact freed from confinement." *Id.* at 58. Further, "[t]he phrase 'on the day the person is released' . . . suggests a strict temporal interpretation, not some fictitious or constructive earlier time." *Id.* The Court explained that the purpose and design of supervised release "would be unfulfilled" if it held otherwise, because "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id.* at 59. The Court concluded, "Supervised release has no statutory function until confinement ends." *Id.* Likewise, here, even if the plain language of the two statutes left room for doubt, the same considerations discussed in *Johnson* with respect to the purpose of supervised release would apply.

The Court notes in closing that it agrees with Maranda that the significant delay in the commencement of his term of supervised release seems unfair. It is deeply troubling that the government can unilaterally postpone a prisoner's release indefinitely through the certification mechanism of the Adam Walsh Act. But the problem is with the way the Adam Walsh Act is

---

[1] Indeed, *Johnson* was decided before the Adam Walsh Act was signed into law. However, the same operative phrase in the Adam Walsh Act—"[a] certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section"—has existed in an analogous civil commitment statute, 18 U.S.C. § 4246, since 1984. *See* Comprehensive Crime Control Act of 1984, Pub. L. 98-473, 98 Stat. 2062 (1984).

drafted, in that there appears to be no limit on the duration of a "stay of release" pending conclusion of civil commitment proceedings—and that issue is not before this Court.

## CONCLUSION

Defendant's Motion to Dismiss the Government's Petition for Warrant or Summons for Offender Under Supervision, ECF No. 121, is denied.

Entered this 11th day of December, 2013.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE